JUN 01 2021
Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

BENJAMIN C. SMITH,
1320 Allison Street,
Helena, MT 59601,
  Plaintiff,

vs.

LOWE'S STORES INC., a North
Carolina corporation, and TOM
SMITH, in his official
capacity, 1000 Lowe's Blvd.,
Mooresville, N.C. 28117.
  Defendant's.

COMPLAINT

(1)

Comes now the Plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sust--ained by, BENJAMIN C. SMITH, hereinafter Plaintiff SMITH, and sues the defendant's jointly, LOWE'S STORES INC., and TOM SMITH, in his official capacity, alleging:

(a) Interference into a quality customer relation--ship, (b) unlawful removal of a customer sufficing a mere customer complaint, (c) product liability, (d) unlawful bait & switch of an advertised product, (e) defamation, and (f) verbal assault, libel, and slander.

PARTIES

(2) Plaintiff BENJAMIN C. SMITH, is a former

(2)

customer of the Local Helena Montana, (LOWE'S), Lumber and Utilities store, and was molested of his constitutional, and consumer Liberties!

(3) Corporate defendant's, LOWE'S INC., is a North Carolina corporation, and in fact obtained on hands correspondence directly with Plaintiff SMITH, as to the severe actions at the hands of Local Helena store manager, TOM SMITH, and refused to assert proper oversight over its Local store!

(4) Capacity, and joint defendant, TOM SMITH, acts in his official capacity, as general manager over the Local Helena, LOWE'S store, and has discriminated, violated, defamed, and slandered Plaintiff SMITH, as such.

(3)

## NATURE OF THE CASE

(5.) This concise case is predicated upon multiple aspects of the federal consumer protection act, where, (a) capacity defen- -dant, TOM SMITH, in a <u>corrupt turn and twist, scheme, custom, practice, and policy</u>, <u>directs</u> a mere <u>disatisfied customer</u> to depart the Local Helena Lowe's store, in a <u>severely corrupt avenue in which to cover up his own sincere error</u>, and to elude and avoid, honouring, and complying with an inner-store warranty!

(6) Upon the aspects of, bait and <u>switch</u>, defendant Tom Smith, a Lowe's store manager, refuses to comply with the state and federal consumer protection act, where

(4)

upon such time at which there exists a floor display model, obtaining an advertised price tag, providing that there in fact exists no inventory within the confines of the inner-store ware- -house, then pursuant to state and federal legislation, the merchant is clearly required in which to sell the floor display model!

(7) As to defamation, and verbal assault libel and slander, upon a false quote being uttered against a person, or consumer, the Lowe's corporation as to the companies concise local store manager, has in fact based a volume of sincere defamatory quotes against plaintiff without privilege or consent!

## JURISDICTION AND VENUE

(8) This court obtains jurisdiction over this case, based upon diversity of citizenship, where certain corporate partie's are citizens of different states. 28 U.S.C. §1332.

(9) Further federal court jurisdiction rises where, <u>corporate defendant's in the diverse state of North Carolina, obtained the final decision in which to refuse to comply with and honour Plaintiffs inner store/company warranty</u>!

(10) Corporate defendant's, Lowe's Inc., obtains its principal place of business in the foreign state of North Carolina, and <u>is doing business in Montana</u>.

(11) The Plaintiff party in fact resides within the confines of the state of Montana, and has resided in Montana at all times material to this action.

(12) Capacity defendant, TOM SMITH, is a resident of the state of Montana, and has resided in Montana at all times material to this action.

(13) Venue is proper in the district of Montana because each event giving rise to this action accrued in the district of Montana. 28 U.S.C. § 1391.

## STATEMENT OF FACTS

(14) During the month of May, 2020, Plaintiff BENJAMIN SMITH, in fact made purchase of a John Deere

(7)

Lawn tractor from the Local LOWE'S Lumber and Utility store Located within the confines of Helena Montana.

(15) Upon such purchase of the product, store manager, defendant, TOM SMITH, ensured to Plaintiff SMITH, that this concise product did in fact obtain an inner-store and company warranty sufficing one year!

(16) Very shortly after the purchase, the belts on the Lawn tractor became Loose causing the tractor to not operate what so ever!

(17) As to this concise defective product Plaintiff SMITH, made direct contact with the Local LOWE'S Store manager, defendant TOM SMITH, however, defendant SMITH, became unglude so

to speak, and became overly angry, "unprofessionally", directing plaintiff SMITH, to depart the Helena LOWE'S Store, and to not return during any point and time, in a corrupt avenue in which to elude and avoid the stores promise/guarantee, and legal responsibility in which to comply with and honour the one year warranty!

(18) Plaintiff SMITH, in fact attempted upon five consecutive occasions to work directly with the local store manager, defendant, TOM SMITH, however, defendant, SMITH, refused with clear intent to comply with, and honour the inner-store one year warranty, (external) to a John Deere warranty which is only valid in the event that the actual inner-store service department personnel is unable to repair the defective product!

(19) To date, one year later, the John Deere company refuses to take the product back and to honour the purchase of the lawn tractor for the sole reason that the local LOWE'S store has not looked over the defective product as of yet!

(20) To date, Plaintiff SMITH, is stuck with a defective product, caused and brought upon at the hands of the local Helena store manager, defendant, TOM SMITH, in his continuous refusal to honour the inner-stores one year warranty, as was originally ensured and guaranteed to Plaintiff SMITH, per the store manager, defendant, TOM SMITH.

(21) As to a clear plausible claim existing of, defamation, and verbal assault, libel, and slander engaged into at the hands of store manager, defendant, TOM SMITH, upon Plaintiff SMITH contacting the LOWE'S corporate headquaters office in North Carolina, he was in fact advised that store manager, TOM SMITH, made a _false quote_ to LOWE'S corporate office that Plaintiff SMITH was utilizing profanity torwards store manager, TOM SMITH, therefore defendant, SMITH, directed Plaintiff SMITH, to depart the LOWE'S store and to not return!

(22) This most _false quote_ addressed to LOWE'S headquaters at the hands of local store manager, TOM SMITH, exists as a _corrupt turn and twist,_

in an avenue in which to elude, and avoid the local store and its manager from being obligated in which to comply with, and lawfully honour the inner-store one year warranty! A clear claim of defamation, and verbal assault, libel, and slander, does in fact exists here!

(23) As to a plausible claim existing of <u>bait and switch</u>, in severe violation of state and federal legislation, <u>previous</u> during the month of February, 2020, Plaintiff SMITH, in fact noticed a different lawn tractor on <u>floor display</u>, within the confines of the local Helena **LOWE'S** Store, and upon store manager, TOM SMITH, making clear to Plaintiff SMITH, that the <u>back store warehouse did not obtain any inventory of the same lawn tractor upon floor display</u>!

(12)

(24) Plaintiff SMITH, in fact requested directly to store manager TOM SMITH, that he be permitted to purchase the on display floor model at the cause that there existed no back warehouse inventory, however, most unlawfully defendant, TOM SMITH, denied, and refused to sell the floor display to Plaintiff SMITH in severe violation of state and federal legislation, under the federal and state consumer protection act.

(25) Giving rise to federal court jurisdiction, Plaintiff SMITH did in fact make direct contact with the LOWE'S corporate office in North Carolina as to, (a) his original one year inner-company warranty being denied at the hands of the local Helena store manager, and (b) as to the local Helena store manager, refusing to comply with state, and

federal Legislation, and to sell to Plaintiff SMITH, the on display floor model!

(26) The LOWE'S corporate office in North Carolina, condoned and ratified the unlawful actions of their local Helena store manager, and refused to honour their guaranteed inner-company warranty, and refused to comply with state and federal Legislation in which to sell the on display floor model to Plaintiff SMITH.

(27) Plaintiff SMITH, was in fact clearly discriminated upon at the hands of the local Helena store manager, TOM SMITH, upon such time at which defendant, SMITH most corruptively directed Plaintiff SMITH to depart the local Helena LOWE'S store, in results of Plaintiff SMITH, merely desiring to make a complaint

against store manager, TOM SMITH!

(28) Severe discrimination clearly exists where the local Helena LOWE'S store manager, TOM SMITH, directed <u>Solely</u> Plaintiff SMITH to depart the store, however, <u>(non-comparable)</u>, to other local Helena store customer's, those disatisfied customer's were able to make a customer complaint, and not be directed to depart the store!

## CLAIM ONE

(29) Defendant's jointly, unlawfully refused to comply with and honour the LOWE'S inner-company one year warranty, depriving Plaintiff of his rightful, and purchased guarantee!

## CLAIM TWO

(30) Joint defendant's, LowE'S and their local store manager, severely violated state, and federal legislation upon such time at which the company refused to comply with law, and sell to plaintiff an <u>advertised floor display model.</u>

## CLAIM THREE

(31) Capacity defendant/store manager <u>severely discriminated</u> upon plaintiff upon such time at which he directed a <u>mere complaining customer</u> to depart the local LOWE'S Store, (non-comparable), <u>to the quality treatment of other customer's!</u>

RELIEF

WHEREFORE, upon the premises considered, it is respectfully requested upon this honorable court the entry of a judgment as follows:

(a) enter an order enjoining defendant's from continuing to refuse to comply with, and to honour the inner-company one year warranty as Plaintiff is entitled.

(b) enter financial recovery, time, costs, and, interest in an amount in excess of, $75,000.

(c) award Plaintiff with punitive damage awards in an amount of, $500,000.

(d) Judge trial. Non Jury.

I declare under penalty of perjury the foregoing to be true and correct.

Signed this 26th Day of May, 2021.

_Benjamin C Smith_
(SIGNATURE OF PLAINTIFF)