# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| BENJAMIN C. SMITH,<br><br>                         Plaintiff,<br><br>vs.<br><br>LOWE'S STORE, INC., a North<br>Carolina Corporation; and TOM<br>SMITH, in his official capacity,<br><br>                         Defendants. | No. CV-21-42-H-SEH<br><br>**ORDER** |

On June 1, 2021, Plaintiff Benjamin C. Smith ("Plaintiff") moved to proceed in forma pauperis[1] without prepaying fees or costs.

The application will be GRANTED subject to the terms and conditions of this Order.

The Complaint has been screened under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and 42 U.S.C. § 1997e(c), and has been read liberally.[2] Reasonable inferences have been made.[3]

---

[1] *See* Doc. 1.

[2] *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

[3] *See McCabe v. Arave*, 827 F.2d 634, 640 n. 6 (9th Cir. 1987) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

The Court will not treat Plaintiff more favorably than parties with counsel of record,[4] is not obliged to assume or fill the role of Plaintiff's counsel, and may not provide personal assistance to Plaintiff.[5]

Plaintiff claims subject matter jurisdiction under 28 U.S.C. § 1332. However, diversity jurisdiction has not been properly pleaded.[6]

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332, which provides, in pertinent part:

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1)  Citizens of different States;[7]

Federal jurisdiction cannot be presumed.  The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants.[8] It is to

---

[4] *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[5] *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (quoting *Martinez v. Ct. of Appeal of Cal., Fourth App. Dist.*, 528 U.S. 152, 162 (2000)).

[6] *See* Doc. 2 at 6.

[7] 28 U.S.C. § 1332 (a)(1).

[8] *See* 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102-28 (3d ed. 2015).

be strictly construed.[9]  Plaintiff, as the party asserting jurisdiction, has the burden

of proving such jurisdiction exists.[10]

Plaintiff fails to allege his own citizenship or the citizenship of Defendant

Tom Smith.[11]  The diversity jurisdiction statute speaks of citizenship, not of

residency.[12]  An allegation of residency is insufficient to invoke diversity

jurisdiction.[13]

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised

at any time. Moreover, jurisdiction may be raised by a party, or by the courts own

initiative, at any stage in the litigation, even after trial and judgment entry.[14]

Plaintiff's complaint, likewise, does not properly plead a claim upon which

relief can be granted as to Claims Two and Three.

An amended complaint may be filed. It is expected to state: (1) proper

grounds for diversity jurisdiction; (2) the facts asserted to have been engaged in by

each Defendant that will enable the Court to draw reasonable inference that each

---

[9] *See City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941).

[10] *See Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).

[11] *See* Doc. 2 at 6.

[12] *See Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001).

[13] *Id.*

[14] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

Defendant is liable for the conduct that each Defendant is asserted to have engaged in; (3) that such conduct damaged Plaintiff's legally protected interests or property rights; and (4) that such conduct gives rise to the claim or claims Plaintiff asserts against each Defendant.[15]

ORDERED:

1.    Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is GRANTED.[16]

2.    Plaintiff shall have to and including **June 18, 2021** in which to file an amended complaint that meets and satisfies pleadings requirements necessary and appropriate to state a case within the jurisdiction of this Court.

3.    If an appropriate amended complaint is not timely filed, this case will be dismissed.

DATED this _4th_ day of June, 2021.

SAM E. HADDON
United States District Judge

---

[15] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).

[16] *See* Doc. 1.