JUN 17 2021
Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

BENJAMIN C. SMITH,
1320 Allison Street,
Helena, MT 59601,
  Plaintiff,

vs. CASE NO. CV-21-42-H-SEH.

LOWE'S STORE'S, INC., a North
Carolina corporation; 1000
Lowe's Blvd., Mooresville, N.C.
28117,
  Defendant(S).

AMENDED COMPLAINT

(1)

Comes now the Plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, BENJAMIN C. SMITH, hereinafter, Plaintiff SMITH, and sues the defend- -ant's jointly, LOWE'S STORES INC., a sole North Carolina corporation; alleging:

(a) Product Liability, and
(b) failure to comply with corparate, and inner-company warranty!

## NATURE OF THE CASE

(2) This concise case is predicated upon, (a), (sole) diversity of citizenship, as is articulated, and established in the jurisdiction and venue portion to this Amended Complaint.

(3) This amended complaint will in fact establish that the amount in dispute is in excess of $75,000, exclusive of interest and costs, and is <u>clearly between citizens of different states</u>!

(4) This concise amended complaint now judicially addresses <u>solely defendant's within the confines of a foreign state and clearly redacts, and removes any and all local Montana defendant's.</u>

(5) <u>Local Helena Montana Lowe's store manager, has in fact now been redacted, and removed from this new amended complaint as is directed/ordered per the Hon. Sam E. Haddon. (Helena store manager, Tom Smith, no longer exists as a defendant party to this case</u>!

(6) Judge Haddon, in his concise order dated, June, 4th 2021, directed Plaintiff SMITH, to, (a) establish clear diversity jurisdiction, (b) establish clear citizenship, and not solely residency, and (c) amend and remove claim's number, (two and three), where current relief cannot be granted in the concise manor at which those claims articulate!

## JURISDICTION AND VENUE

(7) This federal court obtains clear, (diversity) jurisdiction where the sole and only defendant's now named within this concise amended complaint, the LOWE'S corporate headquaters is in the sole and isolated state of North Carolina! 28 U.S.C. § 1332.

(4)

(8) NOTE. North Carolina defendant's are clearly liable for the conduct that sole out of state defendant's is asserted to have engaged in; Plaintiff now articulates that such conduct solely at the hands of out of state defendant's did in fact damage Plaintiff's legally protected interest of, (property rights); and the conduct here now alleged in the statement of facts portion does in fact give rise to the claim at which Plaintiff now asserts against defendant's.

(9) Plaintiff SMITH, in fact obtains, (sole) citizenship in the isolated diverse state of Montana!

(10) Sole and only defendants within this concise amended complaint obtains sole citizenship in the diverse state of North Carolina!

(5)

(11) Further diversity jurisdiction now rises where defendant's obtains sole citizenship <u>only</u> in the diverse state of North Carolina, and does business in the state of Montana!

(12) Venue is proper in the district of Montana because each event giving rise to this action accrued solely in the district of Montana, 28 U.S.C. §1391.

(13) The amount in dispute is in excess of $75,000, against out of state defendant's.

## PARTIES

(14) Plaintiff SMITH, is a citizen of the united states, and is a former customer of the Lowe's stores corporation.

(6)

(15) North Carolina corporate defendant's exists as <u>an out of state corporation doing business in various foreign states including Montana.</u>

## STATEMENT OF FACTS

(16) During the month of March, 2020, Plaintiff SMITH, in fact purchased a John Deere Lawn tractor from the local Lowe's store in Helena Montana, with <u>this concise product obtaining a three year, (inner company) warranty!</u>

(17) Shortly after the purchase, the drive belts upon the lawn tractor severely defective causing the brand new lawn tractor to not operate what so ever.

(18) Plaintiff initially made direct contact in person with Local Helena Store manager, TOM SMITH, as to the inner-company three year warranty, however, the Store manager TOM SMITH, became unglude so to speak, and very angry with Plaintiff SMITH, and directed Plaintiff SMITH, to directly contact the Corporate office, (product and warranty) division in North Carolina, and further the store manager, directed Plaintiff SMITH, to depart the Local Helena Lowe's Store and to not return!

(19) On March 18th, 2020, Plaintiff SMITH, in fact made direct contact with the official warranty office with the LOWE'S Corporation in North Carolina, as to the defective lawn tractor, and its non-operation!

(20) Upon Plaintiff's direct contact with the LOWES Corporate product and warranty

(8)

office in North Carolina, the LOWE'S office personnel there neglected the request in which to comply with and honour the (inner company warranty) upon the product, and during that concise time advised Plaintiff SMITH, to make direct contact with the actual John Deere company, and to request that the defective product either be replaced, or repaired, in despite of the (advertised) three year (inner-company warranty)!

(21) Despite the run around so to speak, Plaintiff SMITH, did in fact comply and made direct contact with the official John Deere company as to either replacing, or to repair the defective product/ Lawn tractor, however was told by the John Deere personnel that John Deere was most certainly not responsible for the product/ Lawn tractor purchased directly from the LOWE'S Company, and further noted to

Plaintiff SMITH, that the reason and cause for this in fact existed that JOHN DEERE, and LOWE'S in fact obtained a contract between both companies that upon a defective product, the Local LOWE'S Store at which the product was purchased from, would clearly honour the LOWE'S, (inner-company warranty), directly to the customer, and then JOHN DEERE would in turn reinburse the LOWE'S Store!

(22) The JOHN DEERE personnel over the telephone with Plaintiff SMITH, further made clear to SMITH, that the reason for this direct inner-store return policy existed where being that the nearest JOHN DEERE warranty and service center was in fact far out of state, and that the JOHN DEERE company obtained no local, or close by service center for repair upon its products!

(10)

(23) In results of this conflicting information per, (a) LOWE'S, in North Carolina, and (b) the out of area John Deere company, Plaintiff SMITH, did in fact re-contact the LOWE'S, (product and warranty) office in North Carolina, as to him being left with a defective product/lawn tractor at which he could not utilize, however, Plaintiff's inner-company) LOWE'S advertised warranty, was once again neglected, and right out denied per the inner-office personnel with the LOWE'S, (product and warranty) office!

(24) NOTE, within the confines of the local Helena LOWE'S store, an advertised sign in fact existed upon the actual lawn tractor at which Plaintiff SMITH, purchased, quoting that there in fact existed an (inner company) three year warranty!

(11)

(25) Plaintiff SMITH, commencing in March, 2020, did in fact correspond directly with the LOWE'S corporate office in North carolina, (product and warranty) office, including the actual chief executive officer/president, over the entire LOWE'S corporation, for a lengthy time frame of four, (4), month's, however, his complaint's, and ongoing request that the (advertised inner-company) warranty, be complied with and honoured, was, (a) right out denied with clear intent, at the hands of LOWE'S corporate official's in North carolina, and (b) Later merely ignored SMITH'S sincere inquries in which to repair, or replace his purchased lawn tractor!

CLAIM ONE

(26) Sincere product Liability clearly exists here where

Sole out of State defendant's are continuing to refuse to comply with, and honour, their companies inner-company three year warranty, and are depriving Plaintiff of a quality, and competent product!

### CLAIM TWO

(27) Upon the actual sale product within defendant's local LOWE'S store, the product obtained an (advertised sign), clearly stipulating that the product in fact obtained an (inner-company) warranty, as to a three year time window!

### RELIEF

WHEREFORE, upon the premises considered, it is respectfully requested upon this honorable court for the

entry of a judgment as follows:

(a) Enter an injunctive order enjoining North Carolina defendant's from continuing to deny Plaintiff of his rightful warranty, and direct defendant's to merely replace the product in store.

(b) Award Plaintiff with actual damages caused by sole North Carolina defendant's, as to the lengthy, and excessive time frame at which Plaintiff has awaited, and obtains still yet a defective product at which he is unable to utilize to date! ($100,000), including time, and interest.

(c) Award Plaintiff with punitive damages at the cause of defendant's continued neglect with clear (intent), to merely replace, and provide Plaintiff with a (new) product! ($)300,000.

(14)

(d) Judge trial requested. Non-jury.

I declare under penalty of perjury the foregoing to be true and correct.

Signed this 15th day of June, 2021.

Benjamin C. Smith.
(SIGNATURE OF PLAINTIFF)