# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| BENJAMIN C. SMITH, | |
| Plaintiff, | No. CV 21-42-H-SEH |
| vs. | **ORDER** |
| LOWE'S STORE, INC., a North Carolina Corporation, | |
| Defendants. | |

On June 17, 2021, Plaintiff Benjamin C. Smith ("Plaintiff"), proceeding pro se, filed an Amended Complaint[1] as required by the Court Order of June 4, 2021,[2] which has been screened under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and read liberally.[3] Reasonable inferences have been made.[4]

The Court will not treat Plaintiff more favorably than parties with counsel of

---

[1] Doc. 5.

[2] Doc. 4.

[3] *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

[4] *See McCabe v. Arave,* 827 F.2d 634, 640 n. 6 (9th Cir. 1987) (citing *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).

record,[5] is not obliged to assume or fill the role of Plaintiff's counsel, and may not provide personal assistance to Plaintiff.[6]

Plaintiff claims subject matter jurisdiction under 28 U.S.C. § 1332. However, diversity jurisdiction has not been properly pleaded.[7]

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332, which provides, in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) Citizens of different States;[8]

Federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants.[9] It is to

---

[5] *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[6] *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (quoting *Martinez v. Ct. of Appeal of Cal., Fourth App. Dist.*, 528 U.S. 152, 162 (2000)).

[7] *See* Doc. 5 at 4-6.

[8] 28 U.S.C. § 1332 (a)(1).

[9] *See* 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102-28 (3d ed. 2015).

be strictly construed.[10] Plaintiff, as the party asserting jurisdiction, has the burden of proving such jurisdiction exists.[11]

The Amended Complaint fails to properly plead the citizenship of Defendant Lowe's Store, Inc.[12] A corporation is a citizen of: (1) the state in which it is incorporated; and (2) the state in which it has its principal place of business.[13] Both must be properly plead to invoke diversity jurisdiction. Lack of jurisdiction can be raised at any time by a party, or by the court's own initiative, at any stage in the litigation, even after trial and judgment entry.[14]

An second amended complaint may be filed.

ORDERED:

1. Plaintiff is granted to and until **4:45 p.m.** on **Friday, July 23, 2021,** in which to file a second amended complaint that properly pleads diversity jurisdiction.

---

[10] *See City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941).

[11] *See Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).

[12] Doc. 5 at 4-6.

[13] 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

[14] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

2. If a second amended complaint, appropriate in form and content, is not timely filed, this case will be dismissed.

DATED this 15th day of July, 2021.

SAM E. HADDON
United States District Judge